# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Antwan Ernest Floyd | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| Case Number (If known) | 18-11029-SDB | | |

☐ Check if this is an amended plan.

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a) This plan: ☒ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan: ☒ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan: ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☒ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$672.00** for the applicable commitment period of:

    ☐ 60 months; **or**

    ☒ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____, 20____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ___%    ☐ Debtor 2 ___%

    ☒ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☒ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    **Debor is a temporary employee at Self Staffing –ProLogistix and will provide information for a salary deduction when he becomes permanent.**

    (c) Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

   | CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|---|---|---|---|
   | | | | | | |

   (b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

   | CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
   |---|---|---|---|---|
   | | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

   | CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | First Franklin Financial | Playstation 4/HHGS | $2,700.00 | 5% | $50.00 |
   | World Finance Corporation | Playstation 3 | $180.00 | 5% | $5.00 |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a

purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| United Consumer Financial | Kirby Vacuum | $624.00 | 5% | $11.00 |
| Fifth Third Bank | 2015 Dodge Charger SXT | $15,825.00 | 5% | $298.00 |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % per annum or ☐ without interest:

_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0** % dividend or a pro rata share of $**0.00**, whichever is greater.

5. **Executory Contracts.**

   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| Ridgecrest Apartments | Residential Lease | Assumed | $629.00 | Debtor |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☒ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| United Consumer Financial | $5.00 |
| Fifth Third Bank | $149.00 |
| World Finance Corporation | $5.00 |
| First Franklin Financial | $25.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

   **All secured creditors shall receive 5% interest on their claims unless otherwise indicated. Said provisions shall apply to secured creditors with notice of the plan.**

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: 8/6/2018

s/Antwan Ernest Floyd
*Debtor 1*

*Debtor 2*

s/Michon Walker
*Attorney for the Debtor(s)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: ANTWAN ERNEST FLOYD | ) | CHAPTER 13 |
| | ) | |
| DEBTOR | ) | CASE NO: 18-11029-SDB |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing the same in the United States mail with proper postage affixed thereon to the following addresses:

See attached mailing matrix.

This hereby certify that I have served a copy of the Chapter 13 Plan on the following corporation addressed to an Agent or Officer by First class Mail with proper postage affixed there to the following address:

I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

Chapter 13 Trustee, Huon Le,
notices@chp13aug.org

This 6th day of August, 2018.

                   s/ Michon Walker

                   Michon Walker
                   GA Bar#: 732413
                   Arthur L. Walker & Associates, LLC
                   P.O. Box 64
                   Sandersville, GA 31082
                   (478) 552-0552
                   walkmd@comcast.net

```
Label Matrix for local noticing      Atlantic Credit & Finance Incorporated   Best Buy Credit Services
113J-1                                P. O. Box 13386                          P. O. Box 790441
Case 18-11029-SDB                     Roanoke, VA 24033-3386                   St. Louis, MO 63179-0441
Southern District of Georgia
Augusta
Mon Aug  6 19:10:22 EDT 2018

Bill Me Later, Inc.                   Corporation Service Company              Credit Collection Services
c/o Pay Pal Credit                    40 Technology Parkway South              P. O. Box 607
P. O. Box 5138                        Suite 300                                Norwood, MA 02062-0607
Timonium, MD 21094-5138               Norcross, GA 30092-2924


(p)FIFTH THIRD BANK                   First Franklin Financial                 (p)1ST FRANKLIN FINANCIAL CORPORATION
MD# ROPS05 BANKRUPTCY DEPT            1235 Washington Rd                       PO BOX 880
1850 EAST PARIS SE                    Thomson, GA 30824-7352                   TOCCOA GA 30577-0880
GRAND RAPIDS MI 49546-6253


Antwan Ernest Floyd                   (p)GEORGIA DEPARTMENT OF REVENUE         Internal Revenue Service
3504 Ridgecrest Drive                 COMPLIANCE DIVISION                      P. O. Box 7346
Augusta, GA 30907-4849                ARCS BANKRUPTCY                          Philadelphia, Pennsylvania 19101-7346
                                      1800 CENTURY BLVD NE SUITE 9100
                                      ATLANTA GA 30345-3202


Huon Le                               Midland Credit Management Inc.           (p)CREDITORS BANKRUPTCY SERVICE
P.O. Box 2127                         P. O. Box 60578                          PO BOX 800849
Augusta, GA 30903-2127                Los Angeles, CA 90060-0578               DALLAS TX 75380-0849


Nelnet/Dept. of Ed.                   Office of the U. S. Trustee              PHEAA
P. O. Box 82561                       Johnson Square Business Center           P. O. Box 61017
Lincoln, NE 68501-2561                2 East Bryan Street, Ste 725             Harrisburg, PA 17106-1017
                                      Savannah, GA 31401-2638


Performant Recovery Inc.              Phillips Management Group                (p)PORTFOLIO RECOVERY ASSOCIATES LLC
P. O. Box 9057                        1400 Battleground Avenue                 PO BOX 41067
Pleasanton, California 94566-9057     Suite 201                                NORFOLK VA 23541-1067
                                      Greensboro, NC 27408-8028


Regional Adjustment Bureau, Inc.      Ridgecrest Apartments                    Shamekia Freeman
7130 Goodlett Farms Parkway           926 Stevens Creek Road                   3504 Ridgecrest Drive
Suite 100 West                        Augusta, Georgia 30907-3200              Augusta, GA 30907-4849
P. O. Box 34111
Memphis, TN 38184-0111


South Carolina Dept. of Transportation SunTrust Bank                           Synchrony Bank
Cross Island Parkway                  VA-Richmond-9394                         c/o PRA Receivables Management, LLC
Customer Servicce Center              P. O. Box 26150                          PO Box 41021
P. O. Box 5096                        Richmond, VA 23260-6150                  Norfolk, VA 23541-1021
Hilton Head Island, SC 29938-5096


Synchrony Bank                        Synchrony Bank c/o PRA Receivables Managemen  Transworld Systems Inc.
Attn: Bankruptcy Dept.                PO Box 41021                             600 Pennsylvania Avenue, NW
P. O. Box 965060                      Norfolk, VA 23541-1021                   Washington, DC 20580-0001
Orlando, FL 32896-5060
```

| | | |
|---|---|---|
| United Consumer Financial<br>Services Company<br>865 Bassett Road<br>Westlake, OH 44145-1142 | United States Attorney<br>P.O. Box 2017<br>Augusta GA 30903-2017 | Michon D. Walker<br>Arthur L. Walker & Associates, LLC<br>P. O. Box 64<br>Sandersville, GA 31082-0064 |
| World Finance Corporation<br>2801 Washington Rd.<br>Ste. 108<br>Augusta, GA 30909-2355 | World Finance Corporation<br>P. O. Box 6429<br>Greenville, SC 29606-6429 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Fifth Third Bank<br>P. O. Box 3900<br>CC3110<br>Cincinnati, OH 45263 | (d)Fifth Third Bank<br>c/o P. O. Box 63900<br>CC 3110<br>Cincinnati, OH 45263 | First Franklin Financial<br>135 E. Tugalo Street<br>Toccoa, GA 30577 |
| Georgia Department of Revenue<br>Compliance Division, ARCS-Bankruptcy<br>1800 Century Blvd., NE<br>Suite 9100<br>Atlanta, Georgia 30345-3205 | Military Star<br>3911 Walton Walker<br>Dallas, TX 75266 | Portfolio Recovery Associates, LLC<br>Attn: Bankruptcy<br>140 Corporate Blvd.<br>Norfolk, VA 23502 |

End of Label Matrix
Mailable recipients   34
Bypassed recipients    0
Total                 34